IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **LILLIAM IVETTE LABOY-SALICRUP;** | * | |
| **ALEXANDRA ALFARO-LABOY;** | * | Case No. |
| **ADRIANA MICHELLE LARREGUI-LABOY.** | * | |
| | * | Re: |
| Plaintiffs | * | |
| | * | Willful Violations and Damages |
| vs. | * | |
| | * | |
| **PUERTO RICO ELECTRIC POWER** | * | Jury Trial Demanded |
| **AUTHORITY; ACE INSURANCE AGENCY,** | * | |
| **INC.; ABC INSURANCE COMPANY;** | * | |
| **XYZ COMPANY; JOHN & JANE DOE.** | * | |
| | * | |
| Defendants | * | |

## COMPLAINT

**TO THE HONORABLE COURT:**

The Plaintiffs Liliam Ivette Laboy-Salicrup, Alexandra Alfaro-Laboy, and Adriana Michelle Larregui-Laboy, represented by the undersigned counsel, very respectfully ALLEGE, SET FORTH and PRAY:

### I. Nature of the Case

This is an action for money damages brought by Lilliam Ivette Laboy-Salicrup, Alexandra Alfaro-Laboy, and Adriana Michelle Larregui-Laboy (herein after "Plaintiffs"), residents of the United States of America. Plaintiffs seek redress for the damages suffered consequent to the wrongful death of family member Hector Javier Laboy-Salicrup (herein after "Hector") last 13th of November of 2014, due to the willful conduct of the Defendants. The Co-Defendant Puerto Rico Electric Power Authority (herein after "PREPA"), willfully and without any justification, caused Hector's death, causing unbearable and un-repairable damages to the Plaintiffs, both physically and emotionally. PREPA's willful actions are the proximate cause of

1

the physical, emotional and psychological damages, as well as the detrimental effects on the Plaintiffs' health, well-being, and personal lives. Therefore, through this civil action the Plaintiffs seek redress for the damages committed by PREPA and its insurance agency, ACE Insurance Agency of Puerto Rico (herein after "ACE"), which amounted to the loss of the Plaintiffs' close family member.

The Plaintiffs request this Honorable Court for compensatory and punitive damages, as well as equitable and declaratory relief and the other remedies provided by the applicable federal and local statutes, including attorney's fees, costs, litigation expenses, and interests.

## II.  Jurisdiction and Venue

The action is brought pursuant to 28 U.S.C. § 1332, over the state law claims under Articles 1802 of the Civil Code of Puerto Rico, § 5141 of Title 31 of the Laws of Puerto Rico Annotated. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332, since the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. This Court has venue pursuant to 28 U.S.C. § 1391, since the events that gave rise to this cause of action occurred in the District of Puerto Rico.

## III.  The Parties

1. PLAINTIFF: Lilliam Ivette Laboy-Salicrup, born on December 9, 1966, is Hector's only sister, and is domiciled in El Paso, Texas.
2. PLAINTIFF: Alexandra Alfaro-Laboy, born on January 29, 1992, is Hector's niece, and is domiciled in El Paso, Texas.
3. PLAINTIFF: Adriana Michelle Larregui-Laboy, born on May 2, 1994, is Hector's niece, and is domiciled in Tallahassee, Florida.

4. DEFENDANT: The Puerto Rico Electric Power Authority (PREPA) is a corporation organized under the laws of Puerto Rico, where it has its principal place of business.

5. DEFENDANT: Ace Insurance Agency, Inc., (ACE) is a corporation organized under the laws of Puerto Rico, where it has its principal place of business, whom provided an insurance policy towards PREPA at the time of the Subject Incident, which covers the damages of the Plaintiffs.

6. DEFENDANT: ABC Insurance Company, whose actual identity is presently unknown, is an insurance business entity organized under the laws of and with principal place of business in a state other Florida or Texas that is directly liable to the Plaintiffs for damages claimed in this suit.

7. DEFENDANT: XYZ Company, whose actual identity is presently unknown, is an business entity organized under the laws of and with principal place of business in a state other Florida or Texas that is directly liable to the Plaintiffs for damages claimed in this suit.

8. DEFENDANT: John and Jane Doe, whose actual identities are presently unknown, are individual persons, residents in a state other than Florida or Texas, who are directly liable to the Plaintiffs for damages claimed in this suit.

### IV. The Facts

9. The incident ("Subject Incident") which is the basis of this lawsuit occurred during the day of November 13, 2014, while Hector was working on an electric tower, located near Road PR-156, Rio Hondo II, Sector La Guitarra, in the town of Comerio, Puerto Rico ("Subject Area").

10. Hector was born in San Juan, Puerto Rico, on April 15, 1971. At the time of his death, Hector was a regular employee of PREPA, which he had been for approximately twenty (20) years.

Hector received an Associates Degree from the University of Puerto Rico in the field of Mechanics. He served as a commended and praised employee for PREPA, the only company for which he ever worked. He was forty two (42) years old.

11. On the morning of November 13, 2014, Hector was sent by his supervisor to the Subject Area in order to work on an electric tower, approximately 80 feet high. Hector was at the top of the tower when it collapsed, sending Hector to his untimely death. Hector's body dropped the height of the tower, plus an additional 50 feet approximately, due to the fact that the tower was collated next to a precipice.

12. The electric tower that collapsed was a lattice structure that was sustained by four tension cables, which provided the structure with support and stability. A few days before the Subject Incident (November 10, 2014), PREPA had removed two or the four tension cables, causing the tower to become unstable, certain to fall or sway.

13. When employees of PREPA finished the work on November 10, 2014, they were instructed by their superior not to reconnect the two tension cables that had been removed. Thus, leaving the tower unsupported.

14. Before starting the job on November 13, 2014, in direct contravention to pertinent laws and regulations, PREPA's Management intentionally did not inspect the work area, including the electric tower that was missing half of its stabilizing cables.

15. As a direct consequence of PREPA's intentional actions and/or omissions, Hector was ordered to work on an unstable, unsupported, and dangerous structure, which was certain to fall or sway. The Subject Incident occurred solely due to PREPA's willful action of creating and maintaining a dangerous condition, which would cause, as it did in the instant case, death or serious injury at a place where employees performed duties.

16. The Puerto Rico Police Department investigated the Subject Incident the day it occurred and rendered a report. A separate investigation was carried out by officials of the Occupational Safety and Health Administration. Upon information and belief, PREPA also conducted and investigation of the Subject Incident thereafter.

17. As a result of the Subject Incident the Occupational Safety and Health Administration (OSHA) carried out an investigation in which PREPA was found to have committed six violations to the Puerto Rico Occupational Safety and Health Act (Act No. 16 of August 5, 1975, as amended).

18. After an Informal Conference was celebrated on May 5, 2015, OSHA's findings resulted in the following six violations:

    a. 29 CFR1926.21(b)(2): The employer did not instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his/her environment to control or eliminate any hazards or other exposure to illness or injury.

        i. For this **Serious** violation, PREPA was issued a $2,000.00 fine.

    b. 29 CFR 1910.269(a)(2)(i): Employees were not trained in nor were they familiar with the safety-related work practices, safety procedures, and other safety requirements that pertained to their respective job assignments.

        i. For this **Serious** violation, PREPA was issued a $2,000.00 fine.

    c. 29 CFR 1910.269(a)(3): The employer did not determine existing conditions related to the safety of the work to be performed before work on or near electric lines or equipment was started.

        i. For this **Serious** violation, PREPA was issued a $7,000.00 fine.

    d. 29 CFR 1926.950(b)(1): Existing conditions shall be determined before starting work, by and inspection or a test Such conditions shall include but not be limited to energized lines and equipment conditions of poles and the location of circuits and equipment including power and communication lines CATV and fire alarm circuits.

        i. For this **Willful-Serious** violation, PREPA was issued a $70,000.00 fine.

    e. 2 OSH 1904.29(b)(1): A log of all recordable work-related injuries and illnesses (OSHO Form 300 or equivalent), was not completed in the detail as required by the regulation.

        i. For this **Other-Than-Serious** violation, PREPA was not issued a fine.

    f. 29 CFR 1904.30(a): A Log of all Work-Related Injuries and Illnesses (OSHO Form 300) and or the Summary of Work-Related Injuries and Illnesses (OSHO Form 300A) and or the Injury and Illness Incident Report (OSHO Form 301) or equivalent forms were not kept separate for each establishment.

        i. For this **Other-Than-Serious** violation, PREPA was not issued a fine.

19. The above stated violations resulting from the OSHA Inspection 1008506, Report ID 0257220, were not contested by PREPA, nor were OSHA's findings. From the documents pertaining to the OSHA investigation, it is recognized that PREPA entered into an agreement with OSHA in order to lessen the quantity of the fines imposed, but did not contest or challenge OSHA's findings. Therefore, the investigation's result is firm and final.

20. According to OSHA's Field Inspection Reference Manual and to the results of the investigation, it was concluded that PREPA's conduct constituted a willful violation. In other words, PREPA's conduct was NOT categorized as negligent, but as **intentional**.

21. "*A willful violation exists under the Act where the evidence shows either an intentional violation of the Act or plain indifference to its requirements.*" Chapter III-13, Section C.2.d(1), OSHA Field Inspection Reference Manual.

22. The immediate, direct, and sole cause of the Subject Incident herein above described which resulted in Hector's death and the moral, emotional, and mental damages caused to the Plaintiffs herein, to wit, his sister and nieces, was PREPA's willful actions and/or omissions.

23. As a result of Hector's tragic death, his sister Lilliam I. Laboy-Salicrup and his nieces Alexandra Alfaro-Laboy and Adriana M. Larregui-Laboy, have suffered and will continue to suffer severe moral, emotional, and mental anguish. The Plaintiff's have experienced (and are currently experiencing) severe depression and anxiety, caused by Hector's death. They are suffering from loss of sleep, episodes of uncontrolled and spontaneous crying, and extreme insecurity.

24. The Plaintiffs maintained a very close and intimate relationship with Hector. In spite of the distance, they shared times together as frequently as they could and spoke regularly over the telephone. They were always looking forward to seeing and/or speaking to Hector every chance they could.

25. As a consequence of her extreme sadness, for months after Hector's death, his sister Lilliam was unable to carry out any of her normal every-day activities, including bathing, eating, and exercising. Lilliam's sadness also affected her in her work.

26. Lillian has suffered and continues to suffer great mental anguish and severe moral pain as a result of the death of her bother Hector. As siblings, Lilliam and Hector shared an extremely special and close relationship with one another. They have always been dependent upon each other for guidance, care, and nurturing. Lilliam has lost her brother's love and company, and

7

has been deeply and adversely affected by the loss Hector. Lilliam will necessarily incur in medical expenses in the future, and has incurred in such expenses in the past, to treat her emotional condition caused by the Subject Incident.

27. When Alexandra and Adriana learned of Hector's tragic death, they became very despondent and depressed because they had always maintained a close and loving relationship with their uncle. Since learning of Hector's death, Alexandra and Adriana have been emotionally distraught for having lost his love, company, society, and companionship.

### V. Causes of Action

28. Co-Defendant PREPA is liable for Plaintiffs' damages because such damages were caused by the willful conduct of PREPA and its agents, servants, contractors, sub-contractors, and employees who were then and there working within the scope of their employment with PREPA or their contractual responsibilities towards PREPA.

29. Co-Defendant ACE is liable for Plaintiffs' damages under the terms of the insurance policy and contract, which it issued to PREPA and which provides coverage for incidents such as the Subject Incident, pursuant to the Puerto Rico Insurance Code.

30. Co-Defendant PREPA had knowledge prior to November 13, 2014, that the tension cables that stabilized the electric tower had been removed and still, PREPA willfully ordered Hector to climb the tower, thus directly causing the Subject Incident.

31. As a direct and proximate result of the aforementioned unlawful and willful actions by the Defendants, Hector was killed and thus, the Plaintiffs suffered and continue to suffer, grievous moral, mental, and emotional anguish.

32. The acts of Defendant PREPA as afore-described were intentional, willful, malicious, and illegal, thus entitling the Plaintiffs to an award of punitive damages against the Defendants.

33. Defendant ACE is liable for Plaintiff's damages under the terms and conditions of the insurance policy and contract which is issued to PREPA and which provides coverage for incidents such as the Subject Incident, pursuant to the Puerto Rico Insurance Code.

### VI. Damages

34. The damages suffered by the Plaintiffs, including but not limited to physical and emotional pain, suffering, mental anguish, among others, all of which are the direct consequence of the Defendants' willful conduct.

35. Defendants PREPA and ACE are jointly liable to the Plaintiffs for the payment of **compensatory damages** consequent to their actions. Judgment is sought for compensatory damages in the amount of two million dollars ($2,000,000.00) for each Plaintiff, plus costs of this action, attorney's fees, and such other relief, as the Court deems fair and appropriate under the circumstances.

36. Defendants PREPA and ACE are legally liable to the Plaintiffs for the payment of **punitive damages** consequent to their actions. Judgment is sought for punitive damages in the amount of two million dollars ($2,000,000.00) for each Plaintiff, plus costs of this action, attorney's fees, and such other relief, as the Court deems fair and appropriate under the circumstances.

37. If the Plaintiffs prevail, they are entitled to an award of attorney fees pursuant to 42 U.S.C. section 1988.

38. This Honorable court should grant the relief requested in the present Complaint and order the Defendant PREPA, any other presently unknown defendants, and ACE Insurance Agency, to pay jointly an amount in excess of four million dollars ($4,000,000.00) to each Plaintiff, as well as interests, costs, litigation expenses, attorney's fees, and any other relief that is proper in equity or at law.

39. In the event that the Defendants deny their liability in the occurrence of the events or damages caused to the Plaintiffs, by assuming such conduct, Plaintiffs are entitled to pre-judgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney fees, as permitted by law.

### VII. Relief

**WHEREFORE**, it is respectfully requested that having considered the allegations of this Complaint and the applicable law, the Court orders any relief that it seems just, proper, and fair.

In San Juan, Puerto Rico, this 15th day of August of 2015.

*S/ Jorge Molina-Mencia*
JORGE MOLINA-MENCIA, ESQ.
Attorney's Bar No. 228412
Attorney for Plaintiff
Loiza Street #2153, C-1
San Juan, Puerto Rico 00913-4512
Tel: 787-244-4443
Fax: 787-710-9825
molinamencia@yahoo.com
molinatorolawoffice@yahoo.com

*S/Daniel Pernas-Beceiro*
DANIEL PERNAS-BECEIRO, ESQ.
Attorney's Bar No. 115209
P. O. Box 19392
San Juan, Puerto Rico 00910-1392
Tel: 787-317-4926
Tel./Fax: 787-946-3105
pernasda@yahoo.com
pernasda@gmail.com